UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FHP TECTONICS CORP., ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> OGDEN CONSTRUCTION, INC. and ) <br> SOUTHERN EARTH SCIENCES, INC., ) <br> Defendants. ) <br> ) | Civil Action No. 2:16-CV-01071 <br> DIVISION "I" (Africk) <br> MAG. "4" (Roby) |

## PLAINTIFF'S OPPOSITION TO MOTION FOR
## LEAVE TO FILE COMPLAINT OF INTERVENTION

Plaintiff FHP Tectonics Corp. ("FHP") respectfully opposes the Motion for Leave to File Complaint for Intervention for Declaratory Relief ("Motion" and "Intervention Complaint," respectively) filed by proposed intervenor Gemini Insurance Company ("Gemini"). The Intervention Complaint seeks a declaration that an insurance policy issued by Gemini does not provide coverage for the damages sought in FHP's breach of contract claims against Gemini's insured Ogden Construction, Inc. ("Ogden"). FHP did not sue Gemini, and FHP has not specifically asserted in the pending litigation that its damages are covered by Gemini's policy. The questions of law relating to interpretation of the Gemini policy and the facts relating to the coverage issues raised in Gemini's Intervention Complaint are not now at issue in the pending litigation. Neither are those questions of law and fact relevant to the issues that have been litigated in the pending action since it was filed in February 2016. Gemini's Motion is untimely, and allowing Gemini to intervene and interject new legal and factual issues into this case would necessarily impact the existing schedule and prejudice FHP.

Gemini represents in its Intervention Complaint that it agreed to participate in the investigation of FHP's claims more than two years before suit was filed and that Gemini has

01315842-1

been defending Ogden in the underlying matter since the initial Complaint was filed pursuant to a reservation of rights. Notwithstanding Gemini's acknowledgment that from the date the Complaint was filed "it appeared that the majority, if not all, of the allegations and/or claims against Ogden were not covered," Gemini unreasonably sat on its hands and waited until discovery was closing and the parties were just two months away from trial to seek intervention. Gemini's assertion that the coverage issues it seeks to interject into this proceeding can be resolved quickly and without discovery is untenable, and Gemini's bald statement that its intervention "will not disrupt the current trial date" is simply wrong. For the reasons discussed below, FHP requests that this Honorable Court deny Gemini's Motion.

**I.      LEGAL STANDARD**

The Court has discretion to permit intervention when the applicant has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b).[1] In addition, a motion to intervene must also be "timely." *Id.* Even when the court finds a common question or law or fact, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 24(b)(3). *See also Cox v. McCrery*, No. CIV.A.06 2191, 2007 WL 61007, at *1 (W.D. La. Jan. 8, 2007) (denying intervention) (citing *Lucas v. McKeithen,* 102 F.3d 171, 173 (5th Cir. 1996); *Aetna Ins. Co. v. Seidenberg*, No. CIV. A. 95-3625, 1996 WL 537743, at *2 (E.D. La. Sept. 20, 1996) (denying intervention because no common question of law or fact); *United Rentals, Inc. v. Martitrend*, Inc., No. CIV.A. 00-3600, 2002 WL 230816, at *6 (E.D. La. Feb. 13, 2002) (denying permissive intervention because no common question of law or fact existed).

---

[1] Although Gemini's Motion quotes Rule 24 of the Federal Rules of Civil Procedure in its entirety, Gemini's Motion ignores the legal standards applicable to an intervention of right under Rule 24(a) and fails to argue why Rule 24(a) would apply to its Motion and Intervention Complaint. Thus, Gemini's Motion can only be viewed as one seeking permissive intervention under Rule 24(b).

Courts evaluate four factors in connection with the determination whether a motion for permissive intervention under FRCP 24(b) is timely:

1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;

2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case.

3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied.

4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977). The Court may also consider: "1) whether an intervenor is adequately represented by other parties; and 2) whether intervention is likely to contribute significantly to the development of the underlying factual issues." <u>Marketfare (St. Claude), L.L.C. v. United Fire & Cas. Co.</u>, No. CIV.A. 06-7232, 2011 WL 3349821, at *2 (E.D. La. Aug. 3, 2011) (denying permissive intervention) (citing *League of United Latin American Citizens, Council No. 4434 v. Clements,* 884 F.2d 185 (5th Cir. 1989)).

**II.     FACTUAL BACKGROUND**

1. On January 9, 2014, Defendant Ogden provided notice to Gemini of a potential claim related to Ogden's defective work. (Rec. Doc. 76-2, ¶ XIX).

2. On January 13, 2014, Gemini acknowledged the claim and "agreed to participate in the investigation of the potential claim, under a reservation of rights." *(Id.* ¶ XX).

3. On February 5, 2016, FHP filed its Complaint asserting causes of action for breach of contract against Ogden and Defendant Southern Earth Sciences, Inc. ("SES"). (Rec.

Doc. 1). FHP did not sue Gemini, and FHP's Complaint against Ogden and SES does not allege coverage under the Gemini Policy. (*Id.*).

4. Gemini acknowledges that as of February 5, 2016 "it appeared that the majority, if not all, of the allegations and/or claims against Ogden were not covered" under its insurance policy, Policy No VFGP001366 ("Policy"). (Rec. Doc. 76-2. ¶ XXI). That notwithstanding, Gemini agreed to defend Ogden under a reservation of rights and has been defending Ogden from the outset of this litigation. (*Id.*).

5. On May 13, 2016, the Court-established deadline for amendments to pleadings, third-party actions, cross-claims, and counterclaims passed. (Rec. Doc. 21, p. 2).

6. On September 22, 2016, the Court granted a request to extend certain Court-established deadlines by ordering a 30-day extension to the existing discovery deadlines. The Court did not, however, extend the deadline for the parties to amend pleadings, the deadline for motion submissions, the pretrial conference date or the trial date. (Rec. Doc. 68).

7. On December 23, 2016, FHP made its expert disclosures under Rule 26. In addition to a report addressing the causation issues raised in FHP's breach of contract action, FHP submitted a report prepared by Andrew Rhodes quantifying the breach of contract damages incurred by FHP. (Rec. Doc. 76-2, ¶ XXVI). Mr. Rhodes' report did not address coverage issues or whether the specific breach of contract damages quantified fit into specific coverages under the Gemini Policy.

8. On January 18, 2017, Gemini filed its Motion and proposed Intervention Complaint. (Rec. Doc. 76). Gemini's Intervention Complaint asserts that its intervention is "[b]ased on the recent quantification of damages by [FHP's] expert confirming the absence of covered damage." (Rec. Doc. 76-2, ¶ XXIX). Mr. Rhodes' report, however, says nothing about

the presence or absence of coverage, as coverage is not an issue in the pending breach of contract action brought by FHP.

9. The Court-established deadline for hearings on pretrial motions is February 8, 2017. As such, the deadline to file pre-trial motions passed on January 24, 2017.

10. The current Court-ordered deadline to complete all discovery in the pending litigation is February 22, 2017. (Rec. Doc. 88).

## III. ARGUMENT

### A. Gemini's Claims are Not Factually and Legally Related to Those in the Existing Action and Allowing Intervention Would Prejudice FHP

As a threshold matter, Gemini's declaratory judgment claims share no common questions of law or fact with the claims asserted in existing action. The existing action concerns Ogden's and SES's breach of their written subcontracts with FHP and the damages resulting from those breaches. Gemini's proposed claims, on the other hand, concern the interpretation and application of a separate written contract of insurance issued by Gemini to Ogden. FHP's burden in the existing action has never been to demonstrate that its breach of contract damages fall within the scope of the coverage provided by Gemini's insurance Policy.

Instead, with regard to its claim against Ogden, FHP's burden of proof in the existing action is limited to showing that Ogden committed breaches of its subcontract with FHP and that a causal link exists between those breaches and the damages being claimed. Towards meeting that burden of proof, FHP retained and has made expert disclosures for two expert witnesses: 1) a Professional Engineer with broad structural and civil engineering experiences (who addressed the existence and nature of the breaches committed by Ogden and SES); and 2) a Certified Cost Professional and Planning and Scheduling Professional (who quantified the damages caused by Ogden's and SES's breaches). Neither of FHP's expert reports addressed the coverage issues

that Gemini seeks to raise in its Intervention Complaint. Had FHP asserted a direct claim against Gemini (or had Gemini timely sought to intervene), FHP would have retained a coverage expert or, at a minimum, had the experts it had already retained address the issue of coverage and whether the specific breach of contract damages quantified fit into specific coverages under the Gemini Policy.

Though Gemini actually knew about the coverage issues since before FHP filed this lawsuit, and despite its admission that it believed there was no coverage under its Policy a year ago, Gemini sat on its rights and waited until discovery had almost closed to file its Motion. The Court-established deadline for expert disclosures has long passed, and FHP would clearly be prejudiced by Gemini's intervention at this late date.

Additionally, Gemini's stated belief that its coverage issues can be addressed and resolved via dispositive motion such that it will not disrupt the current trial date of March 27, 2017 is nonsensical. Whether Gemini needs to conduct additional discovery is immaterial – FHP is entitled to conduct discovery on the coverage issues Gemini seeks to raise. For example, FHP would clearly be entitled to take discovery regarding the April 21, 2016 reservation of rights letter referenced in, but not attached to, Gemini's Intervention Complaint. FHP would also be entitled to revisit the issue of whether expert testimony is needed to rebut Gemini's claims regarding lack of coverage. There is no way that all of this could occur so as to permit a hearing on a dispositive motion filed by Gemini without impacting the March 27, 2017 trial date.

      **B.**    **Denying Gemini's Motion Will Not Prejudice Gemini.**

With regard to the prejudice it will suffer if the Court does not allow intervention, Gemini's Motion states only that "[t]he existing parties in litigation do not adequately represent Gemini's interest in this regard." (Mem. at 3) Gemini's assertion, however, is entirely circular. The "interest" to which Gemini is referring is Gemini's interest in "a coverage determination

based upon the facts and evidence developed in the underlying matter." (*Id.*). Coverage is not currently an issue in the existing litigation and would only be an issue if the Court allows Gemini to intervene. Denying Gemini's late-in-time request to intervene will have no prejudicial impact on Gemini's right or ability to challenge coverage at some later date – if and when someone looks to Gemini for payment of any judgment.

With regard to the facts and evidence actually being developed in the existing matter – those relating to Ogden's breaches of its subcontract and the damages flowing from those breaches – Gemini's interest (to the extent it even has an interest) is more than adequately represented by Ogden. Ogden is more than adequately represented in this case by counsel – if not selected by, at least paid by, none other than Gemini. Clearly, Gemini will not suffer any prejudice if its Motion is denied, as it has every ability to challenge coverage in a later proceeding if that becomes necessary.

## IV. CONCLUSION

For all the reasons set forth above, FHP respectfully requests that the Court deny Gemini's Motion for Leave to File Complaint of Intervention for Declaratory Relief.

Dated: January 31, 2017          Respectfully submitted,

         s/Andrew D. Weinstock
         Andrew D. Weinstock (#18495)
         **DUPLASS, ZWAIN, BOURGEOIS,**
         **PFISTER & WEINSTOCK**
         3838 N. Causeway Boulevard, Suite 2900
         Metairie, Louisiana 70002-8330
         Telephone: (504) 832-3700
         Facsimile: (504) 837-3119
         andreww@duplass.com

         Robert G. Barbour, Esq. (Admitted *Pro Hac Vice*)
         Stephanie M. Rochel (Admitted *Pro Hac Vice*)
         **WATT, TIEDER, HOFFAR & FITZGERALD, LLP**

                                        1765 Greensboro Station Place, Suite 1000
                                        McLean, Virginia 22102
                                        Telephone: (703) 749-1000
                                        Facsimile: (703) 893-8029
                                        rbarbour@watttieder.com
                                        srochel@watttieder.com

                                        **ATTORNEYS FOR FHP TECTONICS CORP.**

## CERTIFICATE OF SERVICE

     I hereby certify that on January 31, 2017, a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                          s/Andrew D. Weinstock
                                          ANDREW D. WEINSTOCK